COMMONWEALTH *vs.* BENJAMIN W. ABBOTT & another.

A person called as a juror, on the trial of an indictment, who, upon examination on oath, according to the provision of the Rev. Sts. c. 95, § 27, answers that he has formed and expressed an opinion that the statute, on which the defendant is indicted, is in force, and was constitutionally enacted, is not thereby shown not to stand indifferent in the cause: And after he has made such answer, the court will not allow him to be asked whether he can give due weight to, and be fairly influenced by, the arguments of the defendant's counsel against the opinion so formed and expressed.

THE defendants were indicted, in several counts, for selling spiritous liquor, contrary to the provisions of the Rev. Sts. c. 47, §§ 1, 2, 3. When they were set to the bar to be tried, in the court of common pleas, before *Merrick*, J. their counsel requested the court to put the following questions to the first juror who was called: "Have you formed or expressed any opinion, or are you sensible of any bias or prejudice upon the questions of law involved in this indictment, or the law on which it is founded, or upon the questions whether so much of the 47th chapter of the revised statutes, as was repealed by *St.* 1838, c. 157, and §§ 1, 2, 3 of said 47th chapter, are valid and in force, and the enactments, contained in said sections, constitutional, or not?" These questions were propounded, by the court, to the juror, who answered, that he had formed and expressed the opinion that the said first three sections of the said chapter were valid and in force ; that so much of the said chapter as was repealed by *St.* 1838, c. 157, was revived by the enactment of *St.* 1840, c. 1 ; and that the provisions of said first three sections of the said chapter 47 of the revised statutes were constitutionally enacted. The defendants' counsel thereupon objected, that said juror was

disqualified to act as a juror, as he had formed and expressed an opinion upon one of the essential elements of the issue to be tried upon said indictment. But the court, being of opinion that it did not appear, from the juror's answers, that he did not stand indifferent, overruled the objection, and ordered him to be sworn. The defendants' counsel then requested the court to ask the said juror, " whether, having formed an opinion, and having a bias on his mind, that the first three sections of *c.* 47 of the Rev. Sts. are in force, and that so much of the said chapter as was repealed by *St.* 1838, *c.* 157, was revived by *St.* 1840, *c.* 1, and that the provisions of said three sections were constitutionally enacted, he could hear, appreciate, and give due weight to, and be fairly influenced by, the arguments of the defendants' counsel, that said three sections are not in force, and were not revived by *St.* 1840, *c.* 1, and that the provisions therein were not constitutional." But the court declined to permit the question to be put; and the juror was then sworn. A jury was empannelled, and a verdict was found against the defendants, who alleged exceptions to the rulings and decisions of the court.

*Bridges,* for the defendants.

*Wilkinson,* (District Attorney,) for the Commonwealth.

SHAW, C. J. The question presented by the present case is, whether a juror can be held to be under such bias or prejudice as to be disqualified from serving as juror, by reason of his answering that he had formed and expressed an opinion that certain provisions in the revised statutes, though once repealed, had been revived, and were in force as laws, and were not unconstitutional.

The first remark applicable to the case is, that if, as the argument assumes, jurors were fully charged with the duty, and invested with the authority, of deciding questions of law finally, according to their own judgment, it would be very strange if a juror should be held disqualified in consequence of entertaining opinions on abstract questions of law, which have repeatedly been declared correct by this court, and by

various judges of the court of common pleas, as we know judicially, from authentic documents.

Again; if jurors are to decide on questions of law, the argument in support of these exceptions goes on the assumption that they are bound to form their opinions anew in each particular case, upon the arguments of counsel in that case, aided perhaps by the court; and that study, reflection, and previous discussion, upon which they may have acquired an exact knowledge of the law, would render them unfit persons to declare and apply it to the particular case. If this were an objection to a juror, standing in the place and acting in the capacity of a judge, in matters of law, it must be an equally valid objection to a judge; and it would follow, as a legitimate consequence, that the devoted study, long practice, extensive and varied experience at the bar and on the bench, which may have enabled a judge to form clear, matured and settled opinions upon great questions of constitutional and municipal law, and which, by his readiness for the application of them to practice, have been hitherto supposed to be among the high qualifications of a judge, would render him partial and unfit for the performance of judicial functions. If this were true in criminal cases, it is not perceived why it should not be true in civil cases. It is sufficient barely to state the absurd consequences to which such a proposition would lead, in order to show that it is wholly untenable.

Without stopping to inquire how far any questions, of the kind which were put to the juror, are admissible, nothing appears in the answers of the juror to show that he did not stand indifferent, or that he was disqualified for serving as a juror.

The argument, urged upon the court of common pleas, to reject the juror, was, that it appeared by his answers that he had formed an opinion upon one or more of the essential elements of the issue to be tried. But this, we think, is a fallacy. These elements are not essential to the just decision of any question which the jury are called upon to decide, or in regard to which, the formation of an opinion, upon an abstract

question of law, would render them other than indifferent, within the meaning of the law. *Pettis* v. *Warren*, Kirby, 427. Whether any provision of a statute is in force, its true construction, and the constitutional power of the legislature to make it, are pure abstract questions of law, upon which it is the privilege and the duty of the juror to be governed definitively by the instructions of the judge before whom the indictment is tried. If they coincide with his own opinions, of course he is not disqualified ; and if they differ from his, it is his duty to yield his own and follow those of the judge; and having taken upon himself the duty of a juror, and taken an oath faithfully to perform it, the law presumes that he will do it. Whether, if the juror should express a determination not to follow the instructions of the court, in matters of law, if they should differ from his own opinion, this would show him partial and disqualified, like a declaration made beforehand that he would not be governed by evidence, in matters of fact, if it should tend to a result contrary to his own preconceived views, is a grave question, which may better remain until it is judicially raised.

The obvious purpose of the statute (Rev. Sts. *c.* 95, § 27) is, to ascertain whether the juror has formed any opinion upon the merits, so that he cannot act and decide impartially upon the trial of the particular cause, so far as, by the law, it depends on the exercise of his judgment. But upon questions of pure law, that part of the issue is not open to the exercise of the judgment of jurors, any further than this, namely, to exercise their best judgment in understanding the principles of law applicable to the case, as stated, qualified, and expressed by the court, and in applying them to the facts which are fully open to the exercise of their best judgment. And their duty is done by giving such a verdict as, upon the law thus stated, and the facts to be found by them, on the evidence applied by them according to the law, the law requires *Commonwealth* v. *Porter*, 10 Met. 263.

If it be asked, where then is the propriety of arguing questions of law to the jury, the just answer is, that, correctly

speaking, questions of law, as such, are not argued to the jury. The mode of conducting a trial before the court and jury arises from necessity and convenience, from the obvious practical difficulty of adopting any other mode. The whole trial, embracing law and fact, and resulting in a general ver-dict, is necessarily conducted before the court and jury conjointly; and the law must be stated and explained by the counsel, first, for the consideration and decision of the court, and secondly, to enable the jury to apply the law to the facts they may find, which they must do, in order to return a general verdict. But this course of counsel, in arguing questions of law before the court and jury at once, under the general direction of the court, no more implies that the jury may rightfully pass their judgment upon the questions of law, contrary to the instructions of the court, than it does that the court may rightfully pass a definitive judgment upon the questions of fact, upon the weight of evidence and the credit due to witnesses, against the judgment and conviction of the jury, which they clearly cannot.

Another question on these exceptions is, whether the court were bound to put a question to the juror, to this effect; viz. having formed an opinion upon the existence and constitutionality of certain sections of the law, whether he could hear, appreciate, and give due weight to, and be fairly influenced by, the arguments of the defendants' counsel, to convince him that such sections are not in force, or, if they are in force, that they are not constitutional. For the reasons already given, we think the question was wholly immaterial, and one which the counsel had no right to put to a juror; and that the answer, whichever way it might be given, would not affect the question of his standing indifferent; and therefore that the court rightly declined to propound it.

*Exceptions overruled.*